### BETTY HALE AND MARY HOSSLER v. STATE OF MARYLAND

[No. 317, September Term, 1979.]

*Decided December 10, 1979.*

The cause was argued before LOWE, MELVIN and MASON, JJ.

*Charles D. Hollman* and *Thomas F. Stansfield* for appellants.

*Paul T. Cuzmanes, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Sandra A. O'Connor, State's Attorney for Baltimore County,* and *C.*

*Eugene Schmidt, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

Lowe, J., delivered the opinion of the Court.

We will reverse the convictions of Betty Hale and Mary Hossler whom the factfinding judge of the Circuit Court for Baltimore County found guilty of failure to support a destitute parent. Md. Code, Art. 27, § 104. Although the question of the parent's destitution as defined is highly questionable, our reversal is predicated upon a statutory prerequisite that the children charged with the duty to support must be

> "possessed of or able to earn means sufficient to provide such parent ... with necessary shelter, food, care and clothing, and neglects or refuses so to do, . . . ."

Betty Hale is unemployed. Indeed, so is her husband who is, of course, not responsible for the support of Mrs. Hale's parent. The Hales have no savings, no income producing property and own only an automobile, vintage 1971. Mrs. Hale was laid off from her part-time job and has grossed $68 per week in unemployment compensation since. This, plus Mr. Hale's income from odd jobs is all that sustains their household which consists of children sixteen and eighteen years of age whom they support, and another child twenty-two years old who supports herself and her child.

Mary Hossler is a fifty-two year old farm housewife, with a ninth grade education and no vocational training. She has neither property, income, nor bank accounts of her own and is supported entirely by her farmer husband.

Initially offering the appellants probation before verdict, the trial judge observed that

> " . . . I think technically there is a violation here. I am not going to impose a guilty verdict. I am going to enter probation on this condition: *I don't know whether you can handle this or not,* I want each of these ladies to pay $20 a month commencing April

1st. That gives you a month to get yourselves adjusted for a job . . . ." (Emphasis added).

Appellants declined the probation before verdict, and the court imposed a $500 fine which the judge suspended upon the same condition.

The trial judge appears to have overlooked that this criminal statute requires the factfinder to find beyond a reasonable doubt, not merely that the parent was destitute, but that the children were "able to earn" a sufficient income to support the parent. The trial judge's doubt of this ability as reflected by his observation above gainsaid his having been convinced by the high standard imposed on criminal cases. For that reason we reverse.

We add that our own review of the record clearly conforms to that equivocation of appellants' abilities to earn. Uncontradicted proofs that the Hale household is without a breadwinner and that Mrs. Hale is drawing unemployment compensation belies any inference in this case that she is "able to earn". That Mrs. Hossler is performing a full-time job as a housewife to a farm family is a common sense observation or, if not, we will empirically observe and unhesitantly judicially notice that a farm housewife and mother of teenage daughters, is a full-time responsibility if properly performed. She should not be judicially coerced into substituting a statutorily imposed filial duty for an assumed maternal one unless the State proves that she is capable of both.

The "destitute" parent in the case is being supported substantially, if not entirely, by two other daughters and a son. From the daughters she receives $50 per month each and from the son an amount unspecified. She also receives $237 from Social Security. Any moral obligation upon appellants is not at issue here, nor is a question of contribution among those children who are providing support. The issues were whether the parent was statutorily destitute and, if so, were the noncontributing daughters "possessed of or able to earn means sufficient to provide such parent" sustenance. The

evidence in this case, if anything, proved the daughters did not have the ability to contribute to their parent's sustenance. The finding that the State had proven its case beyond a reasonable doubt is clearly erroneous. Md. Rule 1086.

> *Judgments reversed.*
> *Costs to be paid by Baltimore County.*